1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   P. CRAIG CARDON, Cal. Bar No. 168646
2  BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
   ALYSSA M. SHAUER, Cal. Bar No. 318359
3  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067-6055
4  Telephone:    310.228.3700
   Facsimile:    310.228.3701
5  E mail        ccardon@sheppardmullin.com
                 baigboboh@sheppardmullin.com
6                ashauer@sheppardmullin.com

7  *Attorneys for Defendant*
   WILLIAMS-SONOMA, INC.
8

9                    **UNITED STATES DISTRICT COURT**

10           **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

11

12 | BRIAN KUTZA on behalf of himself and all others similarly situated, | Case No. 3:18-cv-03534-RS |
   |---|---|
   | Plaintiff, | **CLASS ACTION** |
   | v. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT WILLIAMS-SONOMA, INC.'S MOTION TO DISMISS CLASS ACTION COMPLAINT** |
   | WILLIAMS-SONOMA, INC., | |
   | Defendant. | Hearing: |
   | | Date:        September 20, 2018 |
   | | Time:        1:30 p.m. |
   | | Courtroom:   3 |
   | | Complaint Filed:  June 13, 2018 |
   | | Trial Date:       None Set |

**REQUEST FOR JUDICIAL NOTICE**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Evid. 201, Defendant Williams-Sonoma, Inc. ("WSI") respectfully requests that the Court take judicial notice of the following in connection with its *Motion to Dismiss Class Action Complaint* ("*Motion*") filed concurrently herewith:

1. Photographs of the Williams-Sonoma-brand products—Fleur de Sel All-Purpose Cleaner, Meyer Lemon Hand Lotion, Meyer Lemon Hand Soap, Pink Grapefruit Countertop Spray, and White Gardenia Dish Soap—that Plaintiff Brian Kutza ("Plaintiff") alleges he purchased in Paragraph 15 of the *Class Action Complaint* (the "*Complaint*") and that are attached to the *Declaration of Benjamin O. Aigboboh in Support of Motion to Dismiss* ("*Aigboboh Decl.*") as **Exhibits A** through **E** (the "Purchased Products");

2. The Dictionary.com definition of word "derive" attached to the *Aigboboh Declaration* as **Exhibit F** (the "Dictionary.com Definition");

3. The Merriam-Website Dictionary definition of the word "derive" attached to the *Aigboboh Declaration* as **Exhibit G** (the "Merriam-Webster Definition");

4. The American Heritage Dictionary" definition of the word "derive" attached to the *Aigboboh Declaration* as **Exhibit H** (the "American Heritage Definition");

5. The Oxford English Dictionary of the word "derive" attached to the *Aigboboh Declaration* as **Exhibit I** (the "Oxford English Definition"); and

6. The February 15, 2018 letter from Adam M. Goffstein to WSI attached to the *Aigboboh Declaration* as **Exhibit J** (the "CLRA Letter").

The *Request* is based on the accompanying *Memorandum of Points and Authorities* and the *Aigboboh Declaration* filed concurrently herewith, which demonstrate good cause for granting this *Request*.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated:  August 6, 2018        By      */s/ Benjamin O. Aigboboh*
                                       P. CRAIG CARDON
                                       BENJAMIN O. AIGBOBOH
                                       ALYSSA M. SHAUER

                                       *Attorneys for Defendant*
                                       WILLIAMS-SONOMA, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

WSI requests that the Court take judicial notice of (1) photographs of the packaging of the Purchased Products (*Aigboboh Decl.* ¶¶ 2-6, Exs. A-E), (2) the Dictionary.com Definition (*id.* ¶ 7, Ex. F), (3) the Merriam-Webster Definition (*id.* ¶ 8, Ex. G), (4) the American Heritage Definition (*id.* ¶ 9, Ex. H), (5) the Oxford English Definition (*id.* ¶ 10, Ex. I), and (6) the CLRA Letter (*id.* ¶ 11, Ex. J) in the connection with the *Motion* filed concurrently herewith.

### II. JUDICIAL NOTICE IS APPROPRIATE

#### A. Judicial Notice Of Purchased Products' Packaging Is Proper

Courts regularly takes judicial notice of product packaging that is incorporated by reference into the complaint and is not subject to reasonable dispute. *See*, *e.g.*, *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 845 n.1 (N.D. Cal. 2017); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 963 n.4 (N.D. Cal. 2015); *Parent v. MillerCoors LLC*, 2015 U.S. Dist. LEXIS 145071, at *8 (S.D. Cal. Oct. 26, 2015); *Welk v. Beam Suntory Imp. Co.*, 124 F. Supp. 3d 1039, 1041-42 (S.D. Cal. Aug. 21, 2015). Here, the Purchased Products' packaging is "incorporated by reference in" the *Complaint* and "form[s] the basis" of Plaintiff's claims. *Zeiger*, 304 F. Supp. 3d at 845 n.1; *see also* Dkt. 1 ¶¶ 5, 7, 16, 31. Thus, judicial notice is proper. *See*, *e.g.*, *Zeiger*, 304 F. Supp. 3d at 845 n.1 (taking judicial notice of product labels that were "incorporated by reference in the Amended Complaint and form the basis of plaintiffs' claims…."); *Punian v. Gillette Co.*, 2016 U.S. Dist. LEXIS 34164, at **13-15 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of photographs of packaging of products that were the subject of the complaint).

#### B. Judicial Notice Of The Dictionary Definitions Is Proper

Fed. R. Evid. 201 "contemplates judicial notice of facts 'that only an unreasonable person would insist on disputing'—for example, those found in an 'almanac, dictionary, calendar or similar source.'" *Adan v. Kaiser Found. Health Plan, Inc.*, 2018 U.S. Dist. LEXIS 36683, at *13 (N.D. Cal. Mar. 6, 2018) (citing *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006)). Under California law, "[w]hen attempting to ascertain the ordinary, usual meaning of a word, courts appropriately refer to the dictionary definition of that word." *Moreno v. S.F. Bay*

1  *Area Rapid Transit Dist.*, 2017 U.S. Dist. LEXIS 206009, at *12 (N.D. Cal. Dec. 14, 2017) (citing
2  *Wasatch Property Management v. Degrate*, 35 Cal. 4th 1111, 1122 (2005)).  The Dictionary.com
3  Definition, Merriam-Webster Definition, American Heritage Definition, and Oxford English
4  Definition are not subject to reasonable dispute and, as such, the proper subject of judicial notice.

5  **C.**      **Judicial Notice Of The CLRA Letter Is Proper**

6  "Even if a document is not attached to a complaint, it may be incorporated by reference
7  into a complaint if the plaintiff refers extensively to the document or the document forms the basis
8  of the plaintiff's claim."  *Sharp v. Nationstar Mortgage, LLC*, 2014 U.S. Dist. LEXIS 124096, at
9  **9-10 (N.D. Cal. Sept. 3, 2014) (citing *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  "The
10 defendant may offer such a document, and the district court may treat such a document as part of
11 the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss
12 under Rule 12(b)(6)."  *Sharp*, 2014 U.S. Dist. LEXIS 124096, at *10; *see also Rubio v. U.S. Bank
13 N.A.*, 2014 U.S. Dist. LEXIS 45677, at *12 (N.D. Cal. Mar. 31, 2014) ("The court also may take
14 judicial notice of material incorporated by reference into the complaint without converting the
15 motion to dismiss into a motion for summary judgment.").

16 Courts applying this doctrine have regularly taken judicial notice of alleged CLRA notice
17 letters.  *See*, *e.g.*, *Zeiger*, 304 F. Supp. 3d at 845 n.1 (taking judicial notice of "letter concerning
18 notice of CLRA claim from plaintiffs' counsel to defendants, because the parties agree that its
19 contents are not subject to reasonable dispute."); *Sebastian v. Kimberly-Clark Corp.*, 2017 U.S.
20 Dist. LEXIS 208544, at *8 (S.D. Cal. Dec. 18, 2017); *Won Kyung Hwang v. Ohso Clean, Inc.*,
21 2013 U.S. Dist. LEXIS 54002, at *2 n.2 (N.D. Cal. Apr. 16, 2013).  Here, Plaintiff alleges that
22 "[o]n February 15, 2018, [a] CLRA demand letter was sent to [WSI] via certified mail that
23 provided notice of [WSI's] violation of the CLRA…."  Dkt. 1 ¶ 66.  The CLRA Letter, therefore,
24 is the proper subject of judicial notice.

25 / / /
26 / / /
27 / / /
28 / / /

### III. CONCLUSION

For the foregoing reasons, WSI requests that the Court grant its *Request for Judicial Notice*.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated: August 6, 2018      By      */s/ Benjamin O. Aigboboh*
P. CRAIG CARDON
BENJAMIN O. AIGBOBOH
ALYSSA M. SHAUER

*Attorneys for Defendant*
WILLIAMS-SONOMA, INC.

SMRH:487285600.4