UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KUTZA,<br><br>  Plaintiff,<br><br>v.<br><br>WILLIAMS-SONOMA, INC.,<br><br>  Defendant. | Case No. 18-cv-03534-RS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

## I. INTRODUCTION

In this putative class action, plaintiff Brian Kutza alleges that defendant Williams-Sonoma, Inc. misleads customers into believing that certain of its lotions, soaps, and cleaning products contain no ingredients that are "unnatural and/or synthetic." Williams-Sonoma seeks dismissal of the complaint, or parts of it, on a variety of grounds. The motion will be denied, except as to the warranty claims, which will be dismissed with leave to amend.

## II. BACKGROUND

Williams-Sonoma is a San Francisco-based national retailer that specializes in upscale products for the kitchen and home. This action involves approximately 60 products, consisting of lotions, hand soaps, dish soaps, room sprays, countertop sprays, and all-purpose cleaners in a variety of scents. Kutza alleges he has purchased several of the products on numerous occasions from a Williams-Sonoma store in Los Angeles County. He specifically asserts he bought at least

five of the products, including one in each category except room spray.

Kutza contends he purchased the products because "he saw the labeling, advertising, the [Williams-Sonoma] website, and read the packaging, which represented that the Products are 'natural' and contain 'Active Ingredients Derived from Natural Sources.'" He asserts he "understood this to mean that he was purchasing natural products that did not contain any unnatural and/or synthetic ingredients."

Kutza further alleges that Williams-Sonoma's marketing materials are "replete with statements that the Products are natural, naturally derived, or plant-based, and the labels of all of the Products state the products are naturally derived." According to Kutza, Williams-Sonoma "cultivates" its image as "a natural, non-synthetic, health and eco-friendly brand." The company website allegedly includes the statement: "Completely natural ingredients leave the whole room with a fresh feeling and give you peace of mind too. There are no dangerous chemicals like ammonia or chlorine to worry about, and no lauramide DEA or parabens either – only natural oils, essences and cleansing elements. Because these soaps are biodegradable, they're good for the environment too. None of our products are tested on animals."

The website also allegedly contains numerous claims that Williams-Sonoma hand soaps and hand lotions "reflect[] our culinary roots with a bright, clean fragrance that blends into the kitchen naturally." The dish soaps and countertop sprays similarly are said to blend into the kitchen "naturally." Room spray products are allegedly promoted as being "made with plant-based ingredients to create a light, clean scent that gently and evenly dissipates throughout the room."

The complaint asserts the various representations regarding "natural" or "naturally-derived" ingredients are false or misleading because the products in fact contain "unnatural, synthetic, and/or chemical ingredients." The complaint lists over 50 examples of such ingredients found in one or more of the products.

Williams-Sonoma, in turn, insists that no reasonable consumer would be deceived as alleged in the complaint. Williams-Sonoma offers evidence, in the form of photographs of its

product labels, showing that the only reference to "natural" appears in the "fine print" on the back or side labels of the products, where a statement appears; "Active Ingredients Derived from Natural Sources."[1]

The complaint sets out claims for relief under the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 ("CLRA"); California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, ("FAL"); California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210 ("UCL"), and; the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; as well as common law claims for breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud. The California statutory claims are advanced on behalf a putative California subclass only; the balance of the claims are pleaded on behalf of a putative nationwide class.

III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A motion to dismiss a complaint under Federal Rule of Civil Procedure Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on

---
[1] Williams-Sonoma argues judicial notice may be taken of the product labels, and Kutza has not objected. In any event, there is no dispute that the product labels are as described.

either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citation and internal quotation marks omitted).

## IV. DISCUSSION

### A. Standing

Williams-Sonoma first contends Kutza lacks standing to represent a nationwide class under the Magnuson-Moss and common law claims for relief.[2] Were this prong of the motion granted, it would not dispose of the entirety of any of the claims for relief set out in the complaint, as they are all alleged on behalf of the putative California subclass. Williams-Sonoma nonetheless contends it may and should be addressed at this juncture, as it potentially effects the scope of discovery, among other thing.

At least historically, "[c]ourts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 990 (N.D. Cal. 2016) (citing *In re Aftermarket Auto. Lighting Products Antitrust Litig.*, 2009 WL 9502003, at *6 (C.D.Cal. July 6, 2009)). In *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015), the Ninth Circuit recognized that there are two possible approaches when the claims of unnamed putative class members differ from those of any named plaintiff.

---

[2] Kutza argues most courts agree that the adequacy of class allegations generally is best left to the class certification stage, rather than addressed under a Rule 12(b)(6) motion to dismiss. Williams-Sonoma correctly points out it is seeking dismissal of non-California claims under Rule 12(b)(1) for alleged lack of standing, and that the 12(b)(6) cases relied on by Kutza are not instructive.

CASE NO. 18-cv-03534-RS
4

> The "standing approach" treats dissimilarities between the claims of named and unnamed plaintiffs as affecting the "standing" of the named plaintiff to represent the class. In other words, if there is a disjuncture between the injuries suffered by named and unnamed plaintiffs, courts applying the standing approach would say the disjuncture deprived the named plaintiff of standing to obtain relief for the unnamed class members . . . . The "class certification approach," on the other hand, holds that once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met.

*Id.* at 1261-62 (citations omitted).

The *Melendres* court went on to hold that in this circuit, the class certification approach applies. *Id.* at 1262 ("We adopt the class certification approach.")

Williams-Sonoma argues that *Melendres* does not govern here. It distinguishes *Melendres*, on grounds that the claims there were federal and constitutional claims, so standing to assert state-law claims was not at issue, and the "disjuncture" involved differing factual situations, rather than the differing laws. Indeed, some courts have accepted that distinction and will still dismiss class claims at the pleading stage when the complaint advances claims under the law of states for which there is no representative plaintiff.

Nevertheless, in *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, 295 F. Supp. 3d 927 (N.D. Cal. 2018), after noting that difference the court concluded, "[u]ltimately, however, this distinction appears immaterial." *Id* at 955. The *Chrysler-Dodge-Jeep* court went on to decide that even if *Melendres* does not provide a per se rule, such that district courts retain discretion to address standing before or after class certification, it would defer that standing question until the class certification stage.

Here, even assuming *Melendres* does not *compel* treating the issue as one of class certification, it likewise is appropriate to defer the question. This is not an instance where a California plaintiff seeks to represent residents of other states under a plethora of state consumer statutes with potentially differing procedural and substantive requirements, and scopes. Rather, the claims are brought under a federal statute, and the common law, which likely will not vary much

among the states.[3] While some "nationwide discovery" may not be foreclosed absent dismissal of the non-California claims, it is unlikely that the circumstances here will impose undue burden on Williams-Sonoma prior to resolution of this issue at the class certification stage.

B. Injunctive relief

The parties agree that a plaintiff in a consumer action such as this can demonstrate standing to seek injunctive relief by making "plausible allegations" that he or she "will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to [or] . . . that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115 (9th Cir. 2017). Williams-Sonoma argues Kutza has not made, and cannot make, such an averment because he instead alleges only that he "would purchase the products in the future if Defendant changed the composition of the Products so that they conformed to their 'natural' and 'Active Ingredients Derived from Natural Sources' labeling." As Williams-Sonoma points out, nothing in the complaint could serve as a basis to compel it to change its product formulations and ingredients. Thus, Williams-Sonoma argues, Kutza can make no plausible allegation there is any likelihood he will buy the products again.

While Williams-Sonoma may have a semantic point, *Davidson* stands as clear authority that a plaintiff may seek injunctive relief based on the future harm of not being able to rely on the labeling when trying to make an informed choice, regardless of whether the product is reformulated or not. Accordingly, even assuming "injunctive relief" should be treated as a claim (as opposed to merely one remedy sought in the prayer) such that it can appropriately be

---

[3] Williams-Sonoma further contends the complaint should be more specific as to what common law applies. Absent substantive and material differences in the common law jurisprudence of the various states, it ultimately will make little difference as to whether Californian common law is applied to all the claims, or the common law of each state is applied instead. In any event, such issues are better resolved at the class certification stage.

CASE NO. 18-cv-03534-RS

6

challenged by a motion to dismiss, the request for injunctive relief will not be dismissed (or stricken) at the pleading stage.

C. Likelihood of deception

William-Sonoma insists no reasonable consumer would be misled by any of the identified representations, and that therefore the claims under the CLRA, the FAL, and the "fraud prong" of the UCL all fail. In essence, Williams-Sonoma is arguing the label phrase "Active Ingredients Derived from Natural Sources" is literally true, and in the absence of any broader statements on the label, no reasonable consumer would expect the products necessarily to be completely free from "unnatural and/or synthetic ingredients." Williams-Sonoma contends that a reasonable consumer would understand the claim of "natural" only applied to the *active* ingredients and/or that "*derived from* natural sources" is not the equivalent of a representation that the product only contains "natural" ingredients, active *or* inactive.

Undoubtedly, Williams-Sonoma will have strong arguments that it can present to the fact-finder, or perhaps on summary judgment, that its marketing of these products was neither false nor misleading. Williams-Sonoma asks too much, however, when it seeks a determination as a matter of law on the pleadings (even including photographs of the labels) that no reasonable consumer would be misled by the cumulative effects of the labeling and marketing alleged in the complaint.[4]

D. *Warranty*

Williams-Sonoma argues the Moss-Magnussen and state law warranty claims must be dismissed for failure to allege facts showing any "warranty," among other things. While the allegations pass the threshold necessary for pleading that a consumer may have been misled as to the nature of the product ingredients, none of the express or implied representations in the

---

[4] Although Williams-Sonoma addresses the unlawful and unfair prongs of the UCL claim separately from those under the CLRA, FAL, and fraud prong of the UCL, its argument rests on the same premise that the complaint fails to establish any false or misleading representation.

complaint rises to the level of a warranty, breach of which would be actionable under state or federal law. Accordingly, these claims for relief are dismissed, with leave to amend.

E. *Unjust enrichment*

Although "unjust enrichment" is not a stand-alone claim for relief, Ninth Circuit precedent permits it to be separately pleaded and construed as a quasi-contract claim seeking restitution. *Astiana v. Hain Celestial Grp., Inc*., 783 F.3d 753, 762 (9th Cir. 2015). The fact that it may be inconsistent with an express warranty claim, does not preclude Kutza from pleading in the alternative. *See id* (quoting Fed. R. Civ. P. 8(d)(2), "A party may set out 2 or more statements of a claim or defense alternatively . . . .").

F. *Common law misrepresentation*

Kutza's intentional fraud claim is adequately pleaded for the same reasons discussed above regarding the fact that a reasonable consumer could be misled. Because the alleged misrepresentations appear in labeling and marketing materials, a sufficient inference of scienter can be drawn. Although there is conflicting authority as to whether the economic loss rule applies to negligent misrepresentation claims, it is otherwise adequately pleaded and will not be dismissed at this juncture. Williams-Sonoma's remaining attacks on portions of the complaint and the prayer do not present grounds to dismiss any of the claims for relief.

## V. CONCLUSION

The breach of warranty claims under state and federal law are dismissed, with leave to amend. The motion to dismiss is otherwise denied. Any amended complaint, or a statement that plaintiff elects not to amend, shall be filed within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: November 9, 2018

_____
RICHARD SEEBORG
United States District Judge