1  Daniel J. Orlowsky
   **ORLOWSKY LAW, LLC**
2  7777 Bonhomme, Suite 1910
   St. Louis, Missouri 63105
3  Phone: (314) 725-5151
   Fax;   (314) 455-7375
4  *dan@orlowskylaw.com*
   *(Pro Hac Vice)*
5
   Adam M. Goffstein
6  **GOFFSTEIN LAW, LLC**
   7777 Bonhomme, Suite 1910
7  St. Louis, Missouri 63105
   Phone: (314) 725-5151
8  Fax:   (314) 455-7278
   *adam@goffsteinlaw.com*
9  *(Pro Hac Vice)*

10  Attorneys for Plaintiffs

11  SHEPPARD MULLIN RICHTER & HAMPTON LLP
    P. CRAIG CARDON, Cal. Bar No. 168646
12  ROBERT J. GUITE, Cal. Bar. No. 244590
    BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
13  ALYSSA M. SHAUER, Cal. Bar No. 318359
    1901 Avenue of the Stars, Suite 1600
14  Los Angeles, California 90067-6055
    Telephone:   310.228.3700
15  Facsimile:   310.228.3701
    E mail      ccardon@sheppardmullin.com
16              baigboboh@sheppardmullin.com
                ashauer@sheppardmullin.com
17
    *Attorneys for Defendant*
18
                 **UNITED STATES DISTRICT COURT**
19
       **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**
20

James A. Morris, Esq. (CSBN 296852)
*jmorris@jamlawyers.com*
Shane. A. Greenberg, Esq. (CSMN 210932)
*sgreenberg@jamlawyers.com*
**MORRIS LAW FIRM**
4111 W. Alameda Avenue, Suite 611
Burbank, CA 91505
Tel:   (747) 283-1144
Fax:  (747) 283-1143

| | |
|---|---|
| BRIAN KUTZA and ANIL KUMAR URMIL on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>WILLIAMS-SONOMA, INC.,<br><br>      Defendant. | Case No. 3:18-cv-03534-RS<br><br>**JOINT STIPULATION AND ORDER TO EXTEND ALL DISCOVERY CUTOFF DATES AND ALL OTHER PROCEDURAL DEADLINES**<br><br>Complaint Filed:  June 13, 2018<br>Trial Date:  None Set |

21
22
23
24
25
26
27
28

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to Local Rules 6-1(b) and 6-2, Plaintiffs Brian Kutza and Anil Kumar Urmil ("Plaintiffs") and Defendant Williams-Sonoma, Inc. ("Defendant"), by and through their respective counsel, submit this Stipulation to extend all discovery cut-off dates and all other procedural deadlines. The Stipulation is based on the following facts, which demonstrate that the continuance will allow the Parties to continue marshalling the evidence necessary for properly briefing class-certification issues:

## RECITALS

1. Plaintiff filed the *Class Action Complaint* (the "*Complaint*") against Defendant on June 13, 2018 (Dkt. 1);

2. On February 15, 2019, the Court issued a Case Management Scheduling Order (Dkt. 45) and on April 11, 2019, the Court issued an Amended Case Management Scheduling Order (Dkt. 46).

3. On June 21, 2019, Plaintiffs filed a Motion to Amend the Case Management Scheduling Order (Dkt. 49). Defendant opposed that Motion (Dkt. 52).

4. On July 2, 2019, the Court entered a Further Scheduling Order (Dkt. 53), *inter alia*, modifying the current scheduling order as follows:

   a) The non-expert discovery cut-off was continued to March 31, 2020.

   b) The deadline to designate experts was continued to February 28, 2020.

   c) The deadline to designate supplemental and rebuttal experts was continued to March 20, 2020.

   d) The expert discovery cut-off was continued to April 10, 2020.

   e) The hearing date for class certification was continued to July 24, 2020.

5. Since the date of the Further Scheduling Order, the Parties have diligently engaged in discovery including various meet-and-confer sessions to address interrogatories and requests for production to which Defendant posed objections. In those conferral efforts, Plaintiffs agreed to refine certain discovery requests and the Parties reached agreement regarding the provision of supplemental responses. Defendant provided supplemental responses to certain of Plaintiffs'

discovery requests and intends to provide second supplemental responses. Defendant having

served interrogatories and requests for production on Plaintiffs. Plaintiffs provided initial

responses thereto, provided supplemental responses to requests for production, and intend to

provide second supplemental responses to requests for production and supplemental responses to

interrogatories.

6.    Discovery is still ongoing, and the Parties are working together to ensure that the

discovery requests are completed in a timely fashion.

7.    Over the past few months, the Parties have engaged in numerous discussions to

identify what relevant Electronically Stored Information (ESI) is in Defendant's possession, to

identify custodians that have information responsive to Plaintiffs' document requests, and to

identify what search terms the Defendant will use to identify ESI to confirm that Plaintiffs are

provided with the information they need to ensure meaningful discovery, but at the same time, not

place an undue burden on Defendant by having to engage in voluminous searches for documents.

8.    Plaintiffs are also working to locate any relevant documents and information in

their possession, custody, or control, to allow Plaintiffs to fully respond to Defendants' discovery

requests.

9.    Even with the exercise of due diligence, the Parties are unable to meet the timetable

set forth in the current case management schedule – specifically, the April 10, 2020 fact discovery

cut-off, and relatedly, the expert disclosure cut-off and the July 24, 2020 hearing date for

Plaintiffs' motion for class certification.

10.    As a result, the Parties have agreed to seek an Order extending current deadlines in

the case management order for ninety (90) days.

11.    The Parties hereby stipulate and request that the Court enter an Order for the

following extensions, if acceptable to the Court:

    a) The non-expert discovery cut-off shall be continued to June 29, 2020.

    b) The deadline for the Parties' designation of experts shall be continued to May 28,
       2020.

1    c) The deadline to designate supplemental and rebuttal experts shall be continued to

2        June 18, 2020.

3    d) The expert discovery cut-off shall be continued to July 9, 2020.

4    e) The hearing date for class certification shall be continued to October 22, 2020.

5        12.    The Court has only continued the deadlines in the case management order once for

6    a very short period of time (two months), and the Parties have only sought three other schedule

7    modifications.  These were: (1) an extension of time to respond to the *Complaint* (Dkt. 6); (2)

8    additional time to brief the issues raised in Defendant's motion to dismiss (Dkt. 24); and (3) a

9    continuance of the hearing date on the motion to dismiss and the Case Management Conference

10   (Dkt. 24).

11       13.    In light of the forgoing, the Parties believe that good cause exists to extend the

12   current deadlines in the case management order in accordance with the aforementioned facts.

13       12.    Pursuant to Local Rule 5-1(i)(3), by his signature below, **Daniel J. Orlowsky**,

14   attests that concurrence in the filing of this document has been obtained from each of the

15   signatories listed below.

16       **IT IS SO STIPULATED AND AGREED.**

17

18                          ORLOWSKY LAW LLC

19

20   Dated:  January 23, 2020        By    _____
                                                */s/ Daniel J. Orlowsky*
21                                           DANIEL J. ORLOWSKY

22                                           *Attorney for Plaintiff*

23
                                    GOFFSTEIN LAW LLC
24

25
     Dated:  January 23, 2020        By    _____
26                                              */s/ Adam M. Goffstein*
                                             ADAM M. GOFFSTEIN
27
                                             *Attorney for Plaintiff*
28

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated:  January 23, 2020

By    _____
                */s/ Alyssa M. Shauer*
P. CRAIG CARDON
ROBERT J. GUITE
BENJAMIN O. AIGBOBOH
ALYSSA M. SHAUER

*Attorneys for Defendant*

STIPULATION & [PROPOSED] ORDER TO EXTEND DISCOVERY CUTOFF DATES AND ALL
OTHER PROCEDURAL DEADLINES

# ORDER

The Court has received and considered Plaintiffs' Motion to Amend the Case Management Scheduling Order in the above captioned manner. The Court has reviewed all materials submitted in support and opposition to the motion. After careful consideration, the Court concludes that Plaintiffs' motion to amned the schedling order should be GRANED, and ORDERS as follows:

1.  The Parties' non-expert discovuery cut-off currently set for March 31, 2020, is CONTINUED to **June 29, 2020.**

2.  The deadline for the Parties' designation of experts currently set for February 28, 2019 is CONTINUED to **May 28, 2020.**

3.  The deadline for the Parties' designation of supplemental and rebuttal experts currently set for March 20, 2020 is CONTINUED to **June 18, 2020.**

4.  The Parties' expert discovuery cut-off currently set for April 10, 2020, is CONTINUED to **July 9, 2020.**

5.  The hearing date for Plaintiffs' motion for class certification currently set for July 24, 2020 is CONTINUED to **October 22, 2020.**

IT IS SO ORDERED.

DATED:   1/27/2020

_____
HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE